Dear Mr. Bussie:
You specifically request that consideration be given to the constitutionality of Act 523 and House Concurrent Resolution 94 of the 1992 Regular Session of the Louisiana Legislature. Act 523 purports to exempt certain intangible and incorporeal property from ad valorem taxation by the enactment of LSA-R.S.47:1709, which provides:
 "Notwithstanding any provision to the contrary in this Subtitle, all intangible and incorporeal property of any kind or nature whatsoever, except public service properties, bank stocks, and credit assessments on premiums written in Louisiana by insurance companies and loan and finance companies, shall not be placed on the assessment lists or rolls by any assessor in any parish or district and shall be exempt from all ad valorem taxation. (Emphasis added).
The Louisiana Legislature possesses the authority to enact any law which is not prohibited by the Louisiana Constitution. The relevant constitutional provision is LSA-Const. Art. 7 § 21 which states, in part:
 "In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation . . ." (Emphasis added).
LSA-Const. Art. VII § 21 continues to provide, in addition to the homestead exemption, an exclusive listing of property to be exempt from ad valorem taxation. The jurisprudence has repeatedly held that the Legislature can not grant exemptions from ad valorem taxation different from the exclusive exemptions granted in the Constitution. See the cases of Warren County, Mississippi v. Hester, 219 La. 763,54 So.2d 12; Hibernia National Bank v. Louisiana Tax Commission, 195 La. 43,196 So. 15; see also Attorney General Opinion Number 77-414.
It is the opinion of this office that LSA-R.S. 47:1709 is constitutionally infirm. The Act purports to grant a tax exemption not allowed by LSA-Const. Art. VII § 21. The Legislature can propose an amendment to this section of the Constitution to provide for such exemption, subject to approval by the electors of the state.
Should you have further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
RPI/KLK/0118E